EDOK Criminal Complaint (Revised 6/13)

# United States District Court
## EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **CRIMINAL COMPLAINT** |
| *Plaintiff,* | |
| **v.** | **Case No.**  24-MJ-293-GLJ |
| **SHERL DEAN BATISE,** | |
| *Defendant.* | |

I, Heath Smalley, the undersigned complainant, state that the following is true to the best of my knowledge and belief.

On or about November 28, 2023, in the Eastern District of Oklahoma, SHERL DEAN BATISE committed the crime of Murder in Indian Country, in violation of Title 18 United States Code, Sections 1111(a), 1151, 1152, and 2.

I further state that I am a Special Agent with the Federal Bureau of Investigation, and that this complaint is based on the following facts:

See attached Affidavit of Heath Smalley, which is attached hereto and made a part hereof by reference.

☒    Continued on the attached sheet.

Heath Smalley
Special Agent
Federal Bureau of Investigation

Sworn to me on 9/13/2024.

GERALD L. JACKSON
UNITED STATES MAGISTRATE JUDGE
Name and Title of Judicial Officer

Signature of Judicial Officer

## IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA

### AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Heath Smalley, a Special Agent with the Federal Bureau of Investigation, being duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1.      I am a Special Agent ("SA") with the Federal Bureau of Investigation ("FBI") and have been so employed since March 2016.  I am currently assigned to the Oklahoma City Division in Ardmore, Oklahoma.  Prior to my employment with the FBI, I was employed as a project engineer in the structural engineering discipline for 12 years and trained in forensic engineering and analysis of buildings. As an FBI SA, I have been involved in investigating, among other violations, violations of federal statutes related to Indian Country crimes, as defined in 18 U.S.C. § 1151, including violent crimes and drug offenses, as well as public corruption, theft of trade secrets, and illegal export of goods and technology from the United States of America ("United States").

2.      As a Federal Agent, I am authorized to investigate violations of federal laws of the United States within the meaning of 18 U.S.C. § Section 2510(7), that is an officer of the United States who is empowered by law to conduct investigation of, make arrests for, and execute warrants for offenses enumerated in Title 18 of the United States Code.

3.      I attended 21 weeks of new agent training at the FBI Academy in Quantico, Virginia, and since graduating, I received both formal and informal training from the FBI regarding criminal investigations.  During my time as a SA, I assisted in numerous investigations to include counterintelligence, public corruption, securities fraud, gang activities, civil rights violations, and violent crimes.

4.      The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents, law enforcement officers, and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter. In addition, unless otherwise indicated, all statements contained in this Affidavit are summaries in substance and in part. All dates and times below are approximate.

5.      Based on my training and experience and the facts set forth in this affidavit, there is probable cause to believe Sherl Dean Batise ("BATISE") and other co-conspirators actively participated in the following violation(s): Title 18, United States Code, Sections 1111(a), 1151, 1152, and 2: Murder in Indian Country.

## VENUE AND JURISDICTION

6.      The facts and circumstances of the crimes alleged in this affidavit occurred at or around 110 H Street NW, Ardmore, Oklahoma 73401, in Carter County [herein after referred to as the "PREMISES"]. The facts and circumstances occurred within the special maritime and territorial jurisdiction of the United States and in Indian Country as defined in Title 18 U.S.C. § 1151, to wit: the Chickasaw Nation Indian Reservation. VICTIM was an enrolled member of the Chickasaw Nation, a federally recognized tribe, possessing some degree of Indian blood. The PREMISES is located within the exterior boundaries of the Eastern District of Oklahoma; as such, this court has jurisdiction to issue the requested arrest warrant because it is "a court of competent jurisdiction" as defined by 18 U.S.C. § 2711.

## SUMMARY OF EVENTS IN AFFIDAVIT

7.      As detailed below, the FBI is investigating a homicide committed in November 2023, believed to be committed by Jason Javon Franklin ("FRANKLIN"), as part of a larger

conspiracy to commit murder with BATISE, and others yet identified. FRANKLIN was under separate investigation by the FBI for a shooting with intent to kill from September 2023, at the time the homicide occurred, of which pertinent information has been used in this Affidavit. VICTIM was involved in a United States District Court for the Western District of Oklahoma ("WDOK") organized crime investigation by the United States Drug Enforcement Agency ("DEA"), which has informed the homicide investigation detailed below.

**PROBABLE CAUSE**

8.      On the morning of Tuesday November 28, 2023, Ardmore Police Department responded to the address of 110 H Street NW, Ardmore, Oklahoma for an unresponsive female. VICTIM was located inside the residence deceased with apparent gunshot wounds to the head and torso.

9.      During the on-scene investigation officers located security cameras on the outside ceiling of the front porch. Officers were able to obtain the footage from the security cameras and audio from outside the residence. The video footage in the approximate 5 o'clock hour in November 2023 depicted an environment which was dark and nighttime-like.

10.      The relevant footage shows a vehicle driving in the intersection to the north of PREMISES. An unknown suspect, through investigation this affiant believes to be FRANKLIN, was seen on the security camera footage walk onto the premises of VICTIM's property from the location where the vehicle slowed down. The vehicle then parked north of VICTIM's residence.

11.      FRANKLIN left the video viewing range of the security camera by proceeding along the north side of the PREMISES towards the side and back of the PREMISES.  The security camera audio captured what appeared to sound like the north side exterior door of PREMISES

being forcefully opened. This is corroborated with what appears to be a shoe print located on the exterior door, and damage to the inside of the door frame.

12.     Audio from the security cameras also captured six loud pops that sounded like gunshots a brief time after FRANKLIN's entry. This was corroborated by six (6) shell casing located inside VICTIM's residence along with the wounds to VICTIM's body.

13.     The audio and video footage contained a timestamp which appeared to approximately match with corroborating information later obtained in the investigation; however, the precise time represented in the footage could not be verified once collected for the investigation.

14.     Affiant believes that FRANKLIN was in the residence for less than a minute before leaving because the approximate time between the noise believed to be a forceful entry and the last shot was less than one minute.  FRANKLIN was not observed leaving the residence in the same manner as they approached.  Investigators learned, as described later, from an interview that FRANKLIN had a connected telephone call to an unknown number at approximately 5:11 a.m.

15.     Camera footage from a local business, a car wash named Scott's Wash and located at 728 Grand Ave., captured audio and video of a vehicle parking at the business at approximately 5:09 a.m. The video showed the vehicle approach the car wash from the same direction commensurate with the vehicle lights observed from the PREMISES video.

16.     The vehicle was parked to face south in a wash bay, oriented in the direction of VICTIM's address and aligned with H Street NW. The driver of the vehicle, later identified as BATISE, exited the vehicle and stood as if to wait. BATISE can be seen on the camera footage receiving a telephone call on what appeared to be a flip-style cellular telephone device.  Audio from the same footage can hear BATISE say "Hello. Yes, Sir. Alright." before closing the

telephone and quickly entering the vehicle. The timestamp on the camera footage which appeared to reflect the call answered at approximately 5:11 a.m. Footage shows BATISE in the vehicle exit the business. The business is located at Latitude 34.178155, Longitude -97.136561 in Ardmore, Oklahoma. BATISE was known to be a member of the Hoover Crips gang.

17.    The camera footage reviewed at the business was from an overhead view and captured the front windshield of BATISE's vehicle. In a cradle on the dashboard, what appeared to be a smartphone device was observed. As detailed later, BATISE informed investigators the telephone on the dashboard was the telephone he had with him at the time of his detention.

18.    In the same footage, it appears there are what look to be rubber blue in color nitrile gloves in the front passenger seat of the vehicle. As part of a separate investigation detailed later, a vehicle used in a burglary by FRANKLIN and others also contained similar gloves. Based on my training and experience, I know those who plan to commit crimes such as burglaries and homicide will use the described style of gloves during the crimes to limit fingerprint and other evidence collection.

19.    BATISE was subsequently located by local law enforcement and interviewed on November 30, 2023. BATISE relayed the following during his interview:

    a.  BATISE stated he regularly picks up and delivers packages for people to make extra money.

    b.  BATISE was told to pick up a package the Sunday prior to the murder which contained the burner phone observed in the car wash footage.

    c.  BATISE did not know the telephone number assigned to the telephone and kept the telephone with him for instructions related to a package delivery.

d. BATISE received a call around 5:00 a.m. from an unidentified male voice, telling him to go to the car wash and wait for a package. The 5:11 a.m. call received at the car wash was the same voice, who had been in contact with a third unidentified male and told BATISE to go pick him up.

e. BATISE then said he entered a three-way call with an unknown individual who was to be picked up and the aforementioned unidentified male voice after BATISE had gotten back into the car. The three-way call, of an unknown duration, was to give BATISE directions of where his passenger was to be picked up.

f. After the observed call, BATISE picked up a black male wearing a mask as a passenger in the vehicle, near the car wash. BATISE did not know the identity of the individual he picked up.

g. BATISE dropped the passenger off a couple of blocks from where the passenger entered the vehicle. BATISE did not know where the passenger went after he exited the vehicle.

20. BATISE was arrested by local authorities after the interview was completed and has been in custody at the CARTER COUNTY JAIL since the date of his arrest.

21. On or about September 02, 2023, the FBI initiated an investigation into a shooting incident which occurred in Ardmore, Oklahoma involving a different victim. Through interviews and other investigative steps taken, FRANKLIN was identified as a suspect. FRANKLIN was under investigation for multiple shooting incidents in and around Ardmore, Oklahoma in the same period. Franklin was known to be a member of the Rollin' 60's Neighborhood Crips and had close associations with Hoover Crip gang members. FRANKLIN was arrested in Oklahoma City, Oklahoma related to a burglary where he was seen running from the vehicle observed at the

burglary location on September 04, 2023. A search of this vehicle revealed gloves similar to those described above which appeared to be used.

22.    On or about July 18, 2024, BATISE was interviewed again with counsel representing him present. During the interview, BATISE, among other statements, confessed to knowing the individual he picked up was FRANKLIN. BATISE denied bringing FRANKLIN to the location observed in the PREMISES cameras. BATISE stated FRANKLIN had called BATISE and told him to pick him up at the car wash which was why he was parked there. BATISE further stated he took FRANKLIN to his mother's residence in Ardmore, Oklahoma.

23.    Based on my review of video and audio footage available, vehicle running lights were easily observed due to the amount of light available. No other vehicles appeared to be in frame during a reasonable period proximate to when the shooting occurred.

24.    Records received pursuant to a court order show that a cellular device associated with FRANKLIN accessed the internet protocol address associated with BATISE's residence before and after the homicide of VICTIM.

25.    Based on the investigation, I believe BATISE misrepresented the sequence of events and in fact knowingly brought FRANKLIN to the vicinity of the PREMISES and waited for FRANKLIN to commit the homicide of VICTIM, and subsequently transported FRANKLIN from the scene.

## CONCLUSION

26.    Based on the investigation conducted to date and review of this case, your affiant believes there is probable cause to believe that SHERL DEAN BATISE committed the offense of Murder in Indian Country in violation of Title 18, United States Code, Sections 1111(a), 1151, 1152, and 2.

## REQUEST FOR SEALING

27.    I further request that the Court order that all papers in support of this application, including the affidavit and search warrant, be sealed until further order of the Court.  These documents discuss an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation.  Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize that investigation.

Respectfully submitted,

Heath Smalley
Special Agent
Federal Bureau of Investigation

Sworn to before me on this 13th day of September, 2024.

UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF OKLAHOMA